UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

DANIEL JACK,
APPELLANT,

Appeal Number: 23-11674-H
District Court Docket: 1:22-cv-01575

V.

SELECT SERVICING PORTFOLIO,
INC., and U.S. Bank National
Association, as Trustee for Towd Point
Master Funding Trust 2020-PM2
APPELEE

## APPELLANT'S RESPONSE TO COURT'S REQUEST FOR PROOF OF JURISDICTION

Appellant, Daniel Jack, hereby respond to the Court's request for proof of jurisdiction, as follows:

1. Appellant initially filed this action in the Dekalb County Superior Court.
2. Appellee removed the action to the U.S. District Court alleging diversity of Jurisdiction and that the amount in question exceeded $75000.
3. Appellant objected to the removal.
4. The District Court found that it did have jurisdiction and overruled Appellant's objections. See Attached District Courts Ruling.
5. One of the issues that Appellant intends to raise in this appeal concerns the lower court's finding of jurisdiction and the overruling of Appellant's objections.

1

WHEREFORE, the above and foregoing reasons, Appellant prays that the jurisdictional threshold have been met and that Appellant be permitted to continue with this appeal.

This 21st day of June, 2023

Respectfully submitted,

*Daniel Jack*

Daniel Jack
1185 To Lani Drive
Stone Mountain, GA 30083

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I have delivered the foregoing document by U.S. mail prepaid first class to the attorneys or persons located at the addresses below:

**Parties:**

BRET J. CHANESS
PATTY WHITEHEAD
RUBIN LUBLIN, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Attorneys for Select Portfolio Servicing, Inc.

This 21st day of June, 2023

*Daniel Jack* (signature)

Daniel Jack
1185 To Lani Drive
Stone Mountain, GA 30083

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL JACK,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT SERVICING PORTFOLIO, INC.,<br><br>    Defendant. | Civil Action No.<br>1:22-cv-01575-VMC |

## ORDER

This matter is before the Court on Plaintiff Daniel Jack's Motion to Remand (Doc. 5) and a Motion for Extension of Time (Doc. 7) to stay his time to respond to Defendant Select Portfolio Servicing, Inc.'s ("SPS") Motion to Dismiss (Doc. 2) until the Court rules on his Motion to Remand. For the reasons that follow, the Court will deny the Motion to Remand and deny the Motion for Extension of Time as moot.

**I. Background**

This civil action was commenced by Mr. Jack's filing of a Complaint in the Superior Court of DeKalb County, Georgia on March 18, 2022. (Doc. 1 at ¶ 1, 1-1). SPS was served with process on March 23, 2022. (Doc. 1 at ¶ 2). SPS then removed the action to this Court (Doc. 1), and filed its Motion to Dismiss on April 26, 2022. (Doc. 2). Mr. Jack filed a Motion to Remand (Doc. 5) and a Motion for Extension of

Time (Doc. 7) to stay his time to respond to SPS's Motion to Dismiss until the Court rules on his Motion to Remand.

Mr. Jack's claims arise solely under Georgia law. In 2008, Mr. Jack, his wife Rosa Jack, and his son Daniel Jack, Jr.,[1] purchased the property located at 1185 To-Lani Drive, Stone Mountain, Georgia, 30083 (the "Property") through a mortgage with Wachovia Bank, National Association[2] in the amount of $243,167.50, secured by a security deed. (Doc 1-1 at 3, 13; Doc. 1-2 at 2). SPS was named as the servicer of the mortgage account. (Doc. 1-1 at 6).

In September 2021, SPS, at Mr. Jack's request, sent a payoff statement listing a total payoff amount of $200,783.32 (Doc. 1-1 at 7, 30). In November 2021, Mr. Jack apparently received a billing statement with a balance of $198,274.38, which he disputed with SPS "as being inaccurate and higher than the actual amount [he] owe[s] on the loan." (Doc. 1-1 at 32, 41). He then submitted a cashier's check for $20,000 to SPS purportedly "as a full and final settlement of the [] disputed amount," *i.e.*, the entire balance of the mortgage. (Doc. 1-1 at 32). SPS apparently cashed the $20,000 check in late December 2021. (Doc. 1-1 at 41). Shortly thereafter, Mr. Jack sent SPS a demand for the release of the lien on the Property. *Id.*

---

[1] Although Mr. Jack's wife and son are named on the Deed, they are not named as parties to this suit. *See* Doc. 1-1 at 13.
[2] Wachovia was later absorbed by Wells Fargo. Wells Fargo has since assigned the mortgage to a division of U.S. Bank. (Doc 1-1 at 6, 28).

2

When SPS did not comply with his demand, Mr. Jack brought this action, alleging that SPS's acceptance of the $20,000 check was a settlement of the outstanding balance on Mr. Jack's mortgage under the Georgia doctrine of accord and satisfaction. (Doc. 1-1 at 9). He seeks specific performance, namely, the release of the lien on the title to his home. (Doc. 1-1 at 9, 11).

## II. Legal Standard

An action is removable if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441. Original jurisdiction of the district courts of the United States may be based on an action arising out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

The removing party must establish that diversity jurisdiction exists. *See, e.g., Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Diversity jurisdiction requires that the parties are citizens of different states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" — the citizenship of every plaintiff must be diverse from the citizenship of every defendant."); *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal

3

statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

"A [party] satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins.*, 329 F.3d at 807 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Red Cab Co.*, 303 U.S. at 289. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. But "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.*

### III. Discussion

The two requirements of diversity jurisdiction are met here, so the Motion to Remand must be denied. There is no dispute that complete diversity exists, as Mr. Jack is a citizen of Georgia and SPS is a citizen of Utah. (Doc. 1 at ¶¶ 6-7).

The amount in controversy, however, is contested by Mr. Jack. (Doc. 5 at 2). In his Motion to Remand, Mr. Jack argues that because his claim is for specific performance rather than monetary damages, the amount in controversy

4

requirement is not met; or, in the alternative, that the amount in controversy is only $20,000, the amount of his purported settlement check to SPS. (Doc. 5 at 4-5).

His arguments are incorrect. As Mr. Jack acknowledges in his Motion, the amount in controversy is determined from the face of the complaint. (Doc. 5 at 4). Looking to the face of the Complaint, although Mr. Jack makes a conclusory reference to "damages," the primary relief he requests is the release of the lien on the title to the Property. (Doc. 1-1 at 11). "When the value of property sought to be obtained by specific performance exceeds the sum which might have been awarded in damages, the amount in controversy is established by the value of the property." *Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) ("[A] district court does not measure the amount in controversy by a plaintiff's statement of his minimal damage expectations, but rather by a reasonable reading of the value of the rights being litigated."). It is apparent from the Complaint and its attachments that the value of the Property here is in excess of $200,000. (Doc. 1-1 at 13).

The true amount in controversy in this case is the value of the Property, or at the very least, the outstanding amount of the mortgage, both of which clearly meet the $75,000 requirement. (Doc. 1-1 at 30). Thus, the amount in controversy requirement is satisfied.

5

## IV. Conclusion

Mr. Jack's Motion to Remand is **DENIED**. His Motion for Extension of Time is **DENIED AS MOOT**.

Per the Court's prior Order (Doc. 6), Mr. Jack's response to SPS's Motion to Dismiss is due by June 13, 2022. The Clerk is **DIRECTED** to submit this matter to the undersigned on June 14, 2022.

**SO ORDERED** this 1st day of June, 2022.

Victoria Marie Calvert
United States District Judge



**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

DANIEL JACK,
APELLANT

Appeal Number: 23-11674-H
District Court Docket: 1:22-cv-01575

V.

SELECT SERVICING PORTFOLIO, INC., and U.S. Bank National Association, as Trustee for Towd Point Master Funding Trust 2020-PM2,
APPELLEE

**Certificate of Interested Persons and Corporate Disclosure Statement by Daniel Jack**

---

Appellant, Daniel Jack, files this Certificate of Interested Persons. The following, to the best of Plaintiff's knowledge, may be financially interested in the outcome of this litigation.

| | |
|---|---|
| 1) Daniel Jack | Appellant |
| 2) Rosa Jack | Appellant's Wife |
| 3) Select Servicing Portfolio, Inc | Appellee |
| 4) U.S. Bank National Association | Appellee |

I, Daniel Jack, am unaware of any other persons or parties, other than those listed, that may have an interest in the outcome of this litigation.

Respectfully submitted this 21st day of June, 2023.

_____
Daniel Jack
1185 To Lani Drive
Stone Mountain, GA 30083

## Certificate of Service

I, the undersigned, certify that I have delivered the foregoing document by U.S. mail prepaid first class to the attorneys or persons located at the address below:

**Parties:**

BRET J. CHANESS
PATTY WHITEHEAD
RUBIN LUBLIN, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Attorneys for Select Portfolio Servicing, Inc.

Submitted on this 21st day of June, 2023.

*/s/ Daniel Jack*

Daniel Jack
1185 To Lani Drive,
Stone Mountain, GA 30083